UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

LINDA L. THEISE and
THOMAS THEISE,

                              Plaintiffs,

        v.                                        3:09-CV-344

DAVID BELL,

                              Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

THOMAS J. McAVOY
Senior United States District Judge

## DECISION and ORDER

        Plaintiffs are residents of the State of New York.  Defendant resides in the State of

Pennsylvania.   On September 23, 2006, Plaintiff Linda Theise was operating her

automobile.  She was stopped at a traffic signal on an exit ramp from Interstate 81 to SR 6.

Defendant Bell, who was operating a tractor trailer, struck the rear of Plaintiff's vehicle.

        Invoking the Court's diversity jurisdiction, 28 U.S.C. § 1332, Plaintiffs commenced

the instant action seeking to recover for injuries sustained as a result of the September 23,

2006 incident.  Presently before the Court is Defendant's motion pursuant to 28 U.S.C. §

1391(a) to transfer venue to the Middle District of Pennsylvania.

        Pursuant to 29 U.S.C. § 1391(a), a civil action based solely on diversity jurisdiction

may only be brought in: (1) a judicial district where the defendant resides; (2) a judicial district

in which a substantial part of the events giving rise to the claim occurred; or (3) if there is no

district in which the action may otherwise be brought, in any district where the defendant is subject to personal jurisdiction.

The Court takes judicial notice of the fact that Route 81 intersects with SR 6 in Pennsylvania.[1] Inasmuch as: (1) Defendant resides in Pennsylvania; and (2) a "substantial part of the events or omissions giving rise to the" instant negligence claim occurred in Pennsylvania (that is where the accident occurred) and not in New York, venue is proper in the Middle District of Pennsylvania and not in the Northern District of New York. Venue is not proper under § 1391(a)(3) because: (I) there is another judicial district in which the action could have been brought; see Daniel v. Am. Bd. of Emergency Medicine, 428 F.3d 408, 434-35 (2d Cir. 2005); and (II) Plaintiff has not made a prima facie showing that this Court could exercise personal jurisdiction over Defendant.

For the foregoing reasons, Defendant's motion to transfer to the Middle District of Pennsylvania is GRANTED.

IT IS SO ORDERED.

Dated: May 27, 2009

_Thomas J. McAvoy_
Thomas J. McAvoy
Senior, U.S. District Judge

---

[1] This is confirmed by the affidavit of Attorney Miller and the copy of police report submitted in connection with the instant motion.